UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **Karen Workman**, <br><br> Plaintiff, <br><br> v. <br><br> **ball state university**, and **the indiana academy**, <br><br> Defendants. | Cause No. 1:23-cv-000086 |

## COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND REQUEST FOR JURY TRIAL

Ms. Workman is suing bsu and the academy for their failure to accommodate her disabilities and retaliation in violation of the ada and the rehabilitation act, interference with leave in violation of the fmla, and negligent or intentional infliction of emotional distress in violation of Indiana law. This lawsuit is filed in the Southern District of Indiana because Defendants reside in the District, and because a substantial part of the events giving rise to this lawsuit occurred within the District. Ms. Workman seeks all available relief, including injunctive relief necessary to return to work, and respectfully requests a trial by jury.

Respectfully submitted,

*/s/ Benjamin C. Ellis*
Benjamin C. Ellis
hkm employment attorneys llp
320 N. Meridian St., Ste. 615
Indianapolis, IN 46204
P/F    |   (317) 824-9747
Email   |   bellis@hkm.com

# 1. JURISDICTION & VENUE

1. This Court has original jurisdiction, under 28 U.S.C. § 1331, of Ms. Workman's claims for violations of the ADA, REHABILITATION ACT, and FMLA because those claims arise under the laws of the UNITED STATES.

2. The Court has supplemental jurisdiction, under 28 U.S.C. § 1367, of Ms. Workman's claims under Indiana law because those claims are so related to her federal law claims that they form part of the same case or controversy under ARTICLE III of the UNITED STATES CONSTITUTION.

3. This Court is a proper venue for this lawsuit, under 28 U.S.C. § 1391(b), because BSU resides in the District, and because a substantial part of the events giving rise to this lawsuit occurred within the District.

# 2. PARTIES

## 2.1. Plaintiff

4. Plaintiff Karen Workman resides in Delaware County, Indiana.

## 2.2. Defendants

5. Defendant BALL STATE UNIVERSITY was, at all relevant times, a STATE EDUCATIONAL INSTITUTION, with its principal office located in Delaware County, Indiana. Ind. Code § 21-7-13-32(b)(1).

6. Defendant THE INDIANA ACADEMY is a LABORATORY SCHOOL operated by BSU with its principal office located in Marion County, Indiana. Ind. Code § 20-24.5-3-3.

3. **STATEMENT OF FACTS**

7. Ms. Workman began working for BSU in September 1986 while a student, and became a full-time employee on August 10, 1987.

8. Ms. Worman began working at the ACADEMY on February 18, 2013.

9. Ms. Workman suffers from chronic asthma, a disability.

10. Ms. Workman has severe asthmatic reactions to certain strong odors, chemical products, and animals, and mold.

11. In or around 2017, Ms. Workman was diagnosed with acute asthma exacerbation.

12. On or about November 22, 2017, had to leave work early because of an asthma attack triggered by chemicals used to clean the carpets in her workplace.

13. Because Ms. Workman's condition worsened, she sought out additional medical attention (including through BSU employee health clinic) for "acute asthma activation."

14. In late March 2018, Ms. Workman requested that her carpets be replaced because of mold issues and requested an air purifier.

15. Ms. Workman also requested 24-hour advance notice when (1) chemicals are used, (2) animals would be present, or (3) mold abatement efforts are undertaken.

16. The purpose of the notice was to allow Ms. Workman to make arrangements to work from home during those events.

17. BSU initially agreed to these requests.

18. Despite its agreement, however, BSU failed to provide advance notice when chemicals were used or when animals were brought into the office.

19. As a result, Ms. Workman's asthmatic reactions continued to worsen.

20. Between 2018 and early 2021, Ms. Workman had to seek medical attention for her work-related asthma reactions approximately five times.

21. On January 4, 2021, Ms. Workman was diagnosed with PTSD, another disability.

22. Ms. Workman believes that BSU and the ACADEMY's failure to accommodate her asthma is the principal cause of her PTSD.

23. During much of the COVID pandemic, Ms. Workman was allowed to work from home.

24. On August 6, 2021, BSU recalled its employees (including Ms. Workman to work onsite.

25. On August 31, 2021, Ms. Workman requested to continue working remotely as an accommodation for her asthma.

26. BSU and the ACADEMY continued to fail to provide the requested advance notice or to allow her to work remotely.

27. Among other things, BSU and the ACADEMY continued to allow their employees to bring six cats and other animals – including rabbits and dogs – into Ms. Workman's workplace without advance notice.

28. Ms. Workman's ongoing exposure to chemicals, animals, and mold triggered repeated asthma attacks.

29. As a result, Ms. Workman required emergency medical attention on multiple occasions.

30. This included her October 25, 2021 hospitalization at IU HEALTH BALL MEMORIAL HOSPITAL.

31. Ms. Workman was hospitalized for 12 days.

32. During that hospitalization, she was placed on a BiPap machine – a ventilator.

33. After her release, Ms. Workman has taken medical leave under the FMLA.

34. While on FMLA-protected leave, BSU and the ACADEMY requested Ms. Workman perform additional work for which she was not compensated.

35. Ms. Workman has further received short-term and long-term disability.

36. And Ms. Workman sought WORKER'S COMPENSATION benefits.

37. Because BSU and the ACADEMY continue not to accommodate her asthma, Ms. Workman has never been able to return to work.

## 4.  STATEMENT OF CLAIMS

### 4.1. Failure to reasonably accommodate disability in violation of the ADA.

38. Ms. Workman suffers from the disabilities of asthma.

39. Ms. Workman is qualified to perform her job.

40. Ms. Workman requested accommodations for her asthma, including advance notice of the presence of animals, the use of chemicals, and mold abatement efforts; schedule modifications when those asthma triggers are present; and to work remotely.

41. BSU and the ACADEMY were aware of Ms. Workman's need for accommodations for her asthma.

42. BSU and the ACADEMY failed to provide Ms. Workman with reasonable accommodations for her asthma.

### 4.2. Failure to reasonably accommodate disability in violation of the Rehabilitation Act.

43. Ms. Workman suffers from the disabilities of asthma.

44. Ms. Workman is qualified to perform her job.

45. Ms. Workman requested accommodations for her asthma, including advance notice of the presence of animals, the use of chemicals, and mold abatement efforts; schedule modifications when those asthma triggers are present; and to work remotely.

46. BSU and the ACADEMY were aware of Ms. Workman's need for accommodations for her asthma.

47. BSU and the ACADEMY failed to provide Ms. Workman with reasonable accommodations for her asthma.

48. BSU and the ACADEMY receive federal funds.

### 4.3. Retaliation in violation of the ADA.

49. Ms. Workman requested reasonable accommodations from BSU and the ACADEMY for her asthma.

50. Ms. Workman also complained to BSU and the ACADEMY about their failure to accommodate their need for disability accommodations.

51. BSU and the ACADEMY permitted known asthma triggers into Ms. Workman's workplace and also refused to allow her to work from home.

52. BSU and the ACADEMY would not have allowed some or all of these asthma triggers into the workplace or would have allowed Ms. Workman to work from home if she had not requested disability accommodations, or not complained about the failure to make accommodations.

### 4.4. Retaliation in violation of the Rehabilitation Act.

53. Ms. Workman requested reasonable accommodations from BSU and the ACADEMY for her asthma.

54. Ms. Workman also complained to BSU and the ACADEMY about their failure to accommodate their need for disability accommodations.

55. BSU and the ACADEMY permitted known asthma triggers into Ms. Workman's workplace and also refused to allow her to work from home.

56. BSU and the ACADEMY would not have allowed some or all of these asthma triggers into the workplace, or would have allowed Ms. Workman to work from home if she had not requested disability accommodations, or not complained about the failure to make accomodations.

57. BSU and the ACADEMY receive federal funds.

### 4.5. Interference / retaliation in violation of the FMLA.

58. Ms. Workman suffered from asthma attacks as a result of her chronic asthma.

59. This condition was a serious health condition.

60. BSU and the ACADEMY had appropriate notice of Ms. Workman's need for leave.

61. BSU and the ACADEMY interfered with and retaliated against Ms. Workman's right to take FMLA leave by refusing to make disability accommodations that would allow her to return to work, and by requesting she perform work duties while on leave.

62. As a result, Ms. Workman has been unable to return to work following the end of her medical leave.

### 4.6. Intentional infliction of emotional distress.

63. BSU and the ACADEMY intentionally or recklessly directed Ms. Workman to work under circumstances that jeopardized her health.

64. It was extreme and outrageous for Defendants to do so.

65. BSU and the ACADEMY's decision caused Ms. Workman severe emotional distress.

### 4.7. Negligent Infliction of Emotional Distress

66. BSU and the ACADEMY negligently allowed asthma triggers into Ms. Workman's workplace.

67. Ms. Workman was impacted by multiple asthma attacks that required emergency medical attention, and a hospitalization.

68. Ms. Workman suffered serious emotional distress of the type a reasonable person would expect to occur if they were made to work in an environment that repeatedly triggered severe asthma attacks.

69. BSU and the ACADEMY's negligence caused Ms. Workman's emotional distress.

## 5. PRAYER FOR RELIEF

Ms. Workman respectfully requests that judgment be entered in her favor, and against BSU and the ACADEMY on all claims, for their violations of the ADA, the REHABILITATION ACT, the FMLA, and Indiana law. She requests all available relief on her claims, including the following:

a. Back pay;

b. Injunctive relief necessary to allow her to return to work (or front pay);

c. Compensatory and punitive damages;

d. Liquidated damages;

e. Attorney fees and costs; and

f. Prejudgment and post-judgment interest.

## 6. JURY DEMAND

As required by Fed. R. Civ. P. 38(b), Ms. Workman respectfully requests a trial by jury on all issues so triable.